because he had not had a pre-induction physical or, mental examination. He was finally classified I–D, which means he was a member of a Reserve Unit or the National Guard." *Id.,* at 662 n. 4.

If "signed up" means application for the Reserves, then the enlistment requirement of Rule 1622.13 (f)[6] would not be satisfied and E. S. should have been called before petitioner. The error could not be "harmless" if petitioner was called up ahead of his time; and there is no way of determining whether E. S. had enlisted without probing the facts and cross-examining the Board's witness. The test we used in *Alderman* v. *United States,* 394 U. S. 165, 181, for determining what wiretap records should be turned over by the judge who makes his *in camera* investigation of them is whether the record is "arguably relevant" to the question whether "tainted evidence" had been used to convict. Application of such a test would make at least the file of E. S. available to counsel for petitioner.

I dissent from a denial of certiorari on the issue so posed.

No. 6043. ROGERS *v.* CALIFORNIA. C. A. 9th Cir. Motion for leave to amend petition granted. Certiorari denied.

No. 5754. DAWSON ET UX. *v.* SHENANDOAH RETREAT LAND CORP. ET AL., *ante,* p. 946; and

No. 5768. CALVERT *v.* UNITED STATES, *ante,* p. 952. Petitions for rehearing denied.

---

[6] This regulation puts in Class I–D a registrant who "enlists or accepts appointment," before attaining the age of 26 years, in the Reserves.